# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

NOAH H.O. BATTLE,                               No. CIV S-10-2135-FCD-CMK-P

      Plaintiff,

  vs.                                             ORDER

A. POSADAS, et al.,

      Defendants.

_____/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

      On November 10, 2010, the court issued findings and recommendations that this action be dismissed and provided plaintiff an opportunity to file objections, which he did on November 23, 2010. In the findings and recommendations the court stated:

> Plaintiff names the following as defendants: Posadas, Harrison, Cameron, and Marsh. Plaintiff claims:
>
> On 3-11-2010 Officer Posadas took Plaintiff's legal mail. Later on during the night the Plaintiff received an incident report . . . . in which stated . . . legal mail non-legal purp. updated by: Sgt. Harrison. Keep in mind, Plaintiff was Civil Pro Per status – approved; in addition, Plaintiff never was given back the legal mail nor was the legal mail mailed

1

out.  Also, Plaintiff has documentation that he has mailed to the addressee designated.  Classification Officer Cameron is involved because Plaintiff has filed two or three grievances with no reply back.  Lt. Marsh is [sic].[1]

It appears that plaintiff is primarily complaining that legal mail was improperly opened and/or confiscated by defendants Posadas and Harrison.  Prisoners have a First Amendment right to send and receive mail.  See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Prison officials may intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages.  See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266.  Based on security concerns, officials may also prohibit correspondence between inmates.  See Turner v. Safley, 482 U.S. 78, 93 (1987).  Prison officials may not, however, review outgoing legal mail for legal sufficiency before sending them to the court.  See Ex Parte Hull, 312 U.S. 546, 549 (1941).  Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for example, is not considered "legal mail."  See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit.  For example, prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection.  See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981).  Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit.  At least three other circuits have concluded that legal mail may not be opened outside the inmate's presence.  See id. (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976), Back v. Illinois, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and Smith v. Robbins, 452 F.2d 696 (1st Cir. 1972)); see also Samonte v. Maglinti, 2007 WL 1963697 (D. Hawai'i July 3, 2007) (recognizing open question).  At least one court in this circuit, however, has concluded, based on citation to a Sixth Circuit case, that a "prison's 'pattern and practice' of opening confidential legal mail outside of [the] inmate's presence infringes upon [the] inmate's First Amendment rights and access to the courts."  Oliver v. Pierce County Jail, 2007 WL 1412843 (W.D. Wash, May 9, 2007) (citing Muhammad v. Pritcher, 35 F.3d 1081 (6th Cir. 1994)).  The Ninth Circuit has, however, held that an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation.  See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

Here, plaintiff complains of an isolated instance.  In particular, he does not allege any pattern or practice which resulted in the improper confiscation of his mail.  Therefore, plaintiff simply has not stated a cognizable claim of a constitutional violation.  Moreover, as to defendant Cameron, who is alleged to be responsible for failing to respond

---

[1] There are no additional allegations as to Marsh.  The complaint simply stops with "Lt. Marsh is."

2

to plaintiff's inmate grievances, prisoners have no stand-alone due process rights related to the administrative grievance process. See <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); see also <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See <u>Smith v. Calderon</u>, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); <u>Cage v. Cambra</u>, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); <u>James v. U.S. Marshal's Service</u>, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); <u>Murray v. Marshall</u>, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

In his objections, plaintiff alleges for the first time that the conduct complained of was not an isolated instance but part of a pattern and practice of opening inmate legal mail outside of the inmate's presence. Based on these new allegations, it appears that plaintiff may in fact be able to state a cognizable claim for relief based on impermissible interference with his legal mail. The November 10, 2010, findings and recommendations will be vacated.

Before this action may proceed, however, plaintiff must file an amended complaint in which all of his factual allegations – those included in the original pleading as well as those set forth for the first time in his objections – are set forth in a single pleading. The court cannot refer to a prior pleading or multiple documents in order to make plaintiff's complaint complete. See Local Rule 220. In filing the amended complaint, plaintiff should bear the following in mind. First, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987). Second, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). And third, plaintiff must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v.

Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 of the Federal Rules of Civil Procedure may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on November 10, 2010, are vacated;

2. Plaintiff's complaint is dismissed with leave to amend; and

3. Plaintiff shall file an amended complaint within 30 days of the date of this order.

DATED: December 16, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE