IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOAH H.O. BATTLE,

    Plaintiff,

  vs.

A. POSADAS, et al.,

    Defendants.

No. CIV S-10-2135-FCD-CMK-P

FINDINGS AND RECOMMENDATIONS

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 12).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

On November 10, 2010, the court issued findings and recommendations that this action be dismissed for failure to state a claim. Specifically, the court stated:

> It appears that plaintiff is primarily complaining that legal mail was improperly opened and/or confiscated by defendants Posadas and Harrison. Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Prison officials may intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages. See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266. Based on security concerns, officials may also prohibit correspondence between inmates. See Turner v. Safley, 482 U.S. 78, 93 (1987). Prison officials may not, however, review outgoing legal mail for legal sufficiency before sending them to the court. See Ex Parte Hull, 312 U.S. 546, 549 (1941). Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for example, is not considered "legal mail." See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).
>
> Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit. At least three other circuits have concluded that legal mail may not be opened outside the inmate's presence. See id. (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976), Back v. Illinois, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and Smith v. Robbins, 452 F.2d 696 (1st Cir. 1972)); see also Samonte v. Maglinti, 2007 WL 1963697 (D. Hawai'i July 3, 2007) (recognizing open question). At least one court in this circuit, however, has concluded, based on citation to a Sixth Circuit case, that a "prison's 'pattern and practice' of opening confidential legal mail outside of [the] inmate's presence infringes upon [the] inmate's First Amendment rights and access to the courts." Oliver v. Pierce County Jail, 2007 WL 1412843 (W.D. Wash, May 9, 2007) (citing Muhammad v.

> Pritcher, 35 F.3d 1081 (6th Cir. 1994)). The Ninth Circuit has, however, held that an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989). Here, plaintiff complains of an isolated instance. In particular, he does not allege any pattern or practice which resulted in the improper confiscation of his mail. Therefore, plaintiff simply has not stated a cognizable claim of a constitutional violation. . . .

In response to the findings and recommendations, petition filed objections in which he alleges for the first time that the conduct complained of was not an isolated instance but part of a pattern and practice of opening inmate legal mail outside of the inmate's presence. Given these new allegations, the court vacated the November 10, 2010, findings and recommendations and directed plaintiff to file a single amended complaint setting forth all his allegations – those included in the original pleading as well as those set forth in the objections – in a single pleading. Now before the court is plaintiff's amended complaint.

Plaintiff names the following as defendants: Marsh, Posadas, Harrison, Abu-Baker, Espinoza, and the County of Solano. Plaintiff claims:

> On March 11, 2010, at the Fairfield Facility Solano County Jail, Officer A. Posadas walked off with Plaintiff's unsealed addressed legal mail that included a Legal Mail Out form also known as a Supply Request Form. Officer Posadas did not come back with the legal mail and did not hand it back to Plaintiff. Instead, Officer Posadas constructed an incident report Number 10000624. Keep in mind, Plaintiff had previous legal mailings to the addressee and he was active propria persona.

Plaintiff next states that defendant Harrison "updated and submitted the incident report number 10000624" and that, as a result of the incident report, plaintiff appeared at a hearing on March 14, 2010. Plaintiff states that he was found not guilty of any violation. Specifically, he was found not guilty of using the legal mail system for non-legal purposes. Plaintiff states that defendant Abu-Baker "was the Classification Officer who was informed . . ." apparently meaning that Abu-Baker was "informed" of the result of the March 14, 2010, hearing. Plaintiff adds that his "legal mail while in propria persona was deserted, obstructed, and read out of his presence."

1    Next, plaintiff states that, on April 4, 2009, he was handed opened legal mail
2 which had been stamped "return to sender." He states that the mail had been sealed when he
3 gave it to defendant Espinoza two days prior.
4    Next, plaintiff claims:

> Lt. Marsh formulates the mail policies for the facility. Since there does exist two incidences and not one isolated incident, Lieutenant Marsh must be held liable. He is the Facility Commander. Furthermore, because of the multiple offenses regarding legal mail by Lt. Marsh's agents, he must be held liable as the principal agent. Lt. Marsh is the respondeat superior acting under color of state law and because of his agents offenses to the Plaintiff, Plaintiff's federal secured rights under the statutes have been deprived and violated.

Plaintiff adds that the County of Solano should also be held liable.

The court finds that plaintiff's amended complaint fails to state a claim. According to plaintiff, he should be allowed to proceed because he has alleged two instances where his legal mail was improperly opened up and, thus, his case is not about one isolated instance. In the Ninth Circuit, however, even an occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989). Here, plaintiff initially complained of one instance of his legal mail being improperly opened. When told that isolated instances do not suffice to state a claim, plaintiff responded by complaining about two specific incidents in an attempt to establish a pattern and practice. Two instances, however, do not indicate a pattern and practice relating to legal mail. From all appearances, plaintiff is attempting to stretch two instances of improper handling of his legal mail into a claim of constitutional magnitude.

Because it does not appear possible that the deficiencies identified herein can be cured by further amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

///

1       Based on the foregoing, the undersigned recommends that this action be dismissed
2 with prejudice.
3       These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court. Responses to objections shall be filed within 14 days after service of
7 objections. Failure to file objections within the specified time may waive the right to appeal.
8 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 20, 2011

                                                                                 **CRAIG M. KELLISON**
                                                                                 UNITED STATES MAGISTRATE JUDGE